UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  **04  11612 JLT**

ROBIN L. TUCK, individually and on behalf  \*
of her minor child, ELKE KLEIN              \*
                                            \*   Civil Action No. _____
           Plaintiffs,                      \*
                                            \*
    v.                                MAGISTRATE JUDGE Collings
                                            \*
KRINER CASH, DANIEL SEKLECKI,               \*
BARBARA LINDLEY, TARA STRAFACI,             \*
JAN LAGUARDIA and MARTHA'S                  \*       RECEIPT # _____
VINEYARD ALL-ISLAND SCHOOL                  \*       AMOUNT $ 150
COMMITTEE                                   \*       SUMMONS ISSUED yes
                                            \*       LOCAL RULE 4.1 ____
           Defendants.                      \*       WAIVER FORM ____
                                            \*       MCF ISSUED ____
                                            \*       BY DPTY. CLK. TJM
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*       DATE 7/20/04

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Robin L. Tuck, resides in Vineyard Haven, Massachusetts, and brings this action on her own behalf and on behalf of her minor child, Elke Klein ("Elke").

2. Defendant Kriner Cash was the Superintendent of Schools for the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint. He is sued in both his individual and official capacities.

3. Defendant Daniel T. Seklecki was Director of Student Support Services for the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint. He is sued in both his individual and official capacities.

4. Defendant Barbara Lindley was an occupational therapist in the employ of the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint. She is sued in both her individual and official capacities.

5. Defendant Tara Strafaci was a special education teacher in the employ of the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint. She is sued in both her individual and official capacities.

6. Defendant Jan LaGuardia was a physical therapist in the employ of the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint. She is sued in both her individual and official capacities.

7. Defendant Martha's Vineyard All-Island School Committee ("School Committee") hired the Superintendent of Schools for Martha's Vineyard Public Schools and oversaw the operations of the Martha's Vineyard Public Schools during all or a portion of the period pertinent to this Complaint.

## JURISDICTION AND VENUE

8. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and §§ 1983 and 1988 of Title 42 of the United States Code.

9. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as the claims arose in this judicial district.

## FACTS

10. The Martha's Vineyard Public School District is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools and special education programs.

2

11. During all or a portion of the period pertinent to this Complaint, the individual defendants were employed by the Martha's Vineyard Public Schools and were acting within the scope of their authority as employees of the Martha's Vineyard Public Schools.

12. During all or a portion of the period pertinent to this Complaint, one or more of the individual defendants had final authority to formulate policy in their areas of responsibility.

13. During the summer of 2001, as in previous years, the Martha's Vineyard Public Schools offered the Extended Year Summer Program (the "Program") for young children with special needs. The Program serves students who have substantial challenges, requiring services beyond the school year. The 2001 Program ran from July 9, 2001 through August 17, 2001, from 9:00 a.m. until 1:00 p.m. on weekdays.

14. During all or a portion pertinent to this Complaint, the Martha's Vineyard Public Schools employed a minor named Janina Oliveira, who served as an assistant in the Program during the summer of 2001.

15. The Plaintiff's child, Elke Klein, is developmentally delayed. Elke attended the Program during the summer of 2001.

16. On July 20, 2001, during a field trip to the beach, the Program supervisors caused or allowed Elke Klein to be in a situation where she was without any adult supervision and alone in the company of Janina Oliviera for a substantial amount of time. Specifically, the supervisor in charge, Barbara Lindley, took personal time off that day and placed Jan LaGuardia in charge of the children. While at the beach, Jan LaGuardia became immersed in her own personal matters and left Elke alone for most of the morning with Janina Oliveira, who was a totally unqualified adolescent of unknown history and unknown citizenship. During their time alone together,

3

Janina Oliveira physically abused and sexually molested Elke, causing Elke serious physical and emotional injury.

17. Upon inquiry by Elke's mother as to what had transpired that morning, the Program teachers and supervisors systematically denied that any abuse had occurred and alleged instead that Elke's vaginal bleeding was simply evidence of the onset of menstruation. At the time of the incident in question, Elke was just six years old and had never menstruated. In fact, Elke had only recently begun to get her first adult teeth.

18. The abusive conduct of Janina Oliveira was reported to supervisory personnel of the Superintendent of Schools and/or the School Committee, including, but not limited to, Defendants Kriner Cash, Daniel Seklecki, Barbara Lindley, Jan LaGuardia and Tara Strafaci between July 20, 2001 and July 23, 2001.

19. Despite being put on notice of Janina Oliveira's abusive conduct, the defendants failed to take reasonable and sufficient steps to investigate and remediate Ms. Oliveira's abusive and unlawful conduct.

20. Upon information and belief, the defendants failed to report the charges of abuse by Janina Oliveira to the Massachusetts Department of Social Services.

21. Upon inquiry by Elke's mother, the defendants misrepresented the nature of Janina Oliveira's involvement in the Program and claimed falsely that Janina Oliviera was not an employee of the Martha's Vineyard Public Schools during the time pertinent to this Complaint.

22. As a result of this incident, Elke Klein withdrew immediately from the Program, and she has not participated in any programs or activities maintained or sponsored by the School

Committee since that time. Since July 2001, Elke has been home schooled by her mother, in lieu of her attendance and participation in the Martha's Vineyard Public Schools.

23. The defendants improperly permitted Janina Oliveira to continue as an assistant in the Program until at least August 17, 2001, thereby subjecting other special needs children, all of whom were defenseless and unable to protect themselves, to Ms. Oliveira's abusive conduct.

24. The defendants' actions and failures to act caused serious physical and emotional injury to the plaintiffs.

25. On July 20, 2003, a Notice of Claim on behalf of the Plaintiffs was presented, pursuant to Mass. Gen. L. c. 258, §4, to Kriner Cash, Marien Mudge, Town Clerk of Tisbury, Deborah Radcliffe, Town Clerk of Oak Bluffs, Michael Gilman, Esq., Town Counsel for the Town of Tisbury, and Ronald Rappaport, Esq., Town Counsel for the Towns of Oak Bluffs and West Tisbury. By this Notice Plaintiffs fulfilled the presentment requirement of G.L. c. 258, §4.

## COUNT I

(Violation of 42 U.S.C. § 1983)
(Against Cash, Seklecki, Lindley Strafaci and LaGuardia in their Individual Capacities)

26. The Plaintiffs reallege paragraphs 1 through 25 above and incorporate them herein by reference.

27. Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the Martha's Vineyard Public Schools, having been clothed with both actual and apparent authority by the governing body, the Martha's Vineyard All-Island School Committee.

28. The Defendants acted with deliberate indifference or gross negligence in ignoring the allegations of abuse by Janina Oliviera that they knew or should have known occurred.

29. The Plaintiffs have been deprived by the Defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into their bodily integrity and the right to be free of discrimination on the basis of handicap.

30. As a direct and proximate result of such deprivation, the Plaintiffs suffered physical injuries, indignities, and humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT II

(Violation of 42 U.S.C. § 12132)
(Against Cash, Seklecki, Lindley Strafaci and LaGuardia)

31. The Plaintiffs reallege paragraphs 1 through 30 above and incorporate them herein by reference.

32. By their bad faith and gross misjudgment in failing to act on allegations of abuse that they knew or should have known was occurring, the Defendants denied Elke Klein her right to the educational benefits of the public school program and to an equal educational opportunity, in violation of 42 U.S.C. § 12132 and applicable regulations.

## COUNT III

(Violation of 29 U.S.C. § 794)
(Against the Martha's Vineyard All-Island School Committee)

33. The Plaintiffs reallege paragraphs 1 through 32 above and incorporate them herein by reference.

34. By their bad faith and gross misjudgment in failing to act on allegations of abuse that they knew or should have known was occurring, the Defendant denied Elke Klein her right to the educational benefits of the public school program and to an equal educational opportunity, in violation of 29 U.S.C. § 794 and applicable regulations.

## COUNT IV

(Violation of 42 U.S.C. § 12132)
(Against the Martha's Vineyard All-Island School Committee)

35. The Plaintiffs reallege paragraphs 1 through 34 above and incorporate them herein by reference.

36. By their bad faith and gross misjudgment in failing to act on allegations of abuse that they knew or should have known was occurring, the Defendants denied Elke Klein her right to the educational benefits of the public school program and to an equal educational opportunity, in violation of 42 U.S.C. § 12132 and applicable regulations.

## COUNT V

(Violation of 42 U.S.C. § 1983)
(Against the Martha's Vineyard All-Island School Committee, and Defendants Cash, Seklecki, Lindley Strafaci and LaGuardia in Their Official Capacities)

37. The Plaintiffs reallege paragraphs 1 through 36 above and incorporate them herein by reference.

38. The Defendants, after receiving notice of allegations of abuse by Janina Oliveira, remained deliberately indifferent to or tacitly authorized continuation of her wrongful conduct.

39. The Defendants' failure to supervise Janina Oliviera and prevent or stop her wrongful conduct caused the Plaintiffs to suffer physical abuse.

7

40. The Defendants, after receiving notice of the inadequacy of the response of their employees to allegations of abuse, consciously and deliberately failed to take remedial steps or to improve training.

41. The Defendants' failure to adequately train their employees in proper procedures for responding to reports of abuse created a permissive environment in which the physical abuse of the Program's special needs children could go unchecked

42. The action and inaction of the Defendants demonstrated a custom or policy of discouraging school personnel from reporting allegations of abuse.

43. As a consequence of such custom or policy, the Plaintiffs have been deprived by the Defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into their bodily integrity and the right to be free of discrimination on the basis of handicap and race.

44. As a direct and proximate result of such deprivation, the Plaintiffs suffered physical injuries, indignities, and humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT VI

### (Loss of Consortium, Mass. Gen. L. c. 231, § 85X)
### (Against All Defendants)

45. The Plaintiffs reallege paragraphs 1 through 66 above and incorporate them herein by reference.

WHEREFORE, the Plaintiffs claim judgment against the defendants and each of them, jointly and severally as follows:

    A.    Compensatory damages in an amount warranted by the evidence at trial;

    B.    Punitive damages in an amount warranted by the evidence at trial;

    C.    Reasonable attorney fees and the costs incurred in this action;

    D.    Such other relief as permitted by statute and as this court shall consider to be fair and equitable.

### JURY DEMAND

The plaintiffs hereby demand a jury on all claims and issues so triable.

Respectfully submitted,

ROBIN L. TUCK, individually and on behalf of her minor child, ELKE KLEIN

_____
Robin L. Tuck
RR 2, Box 3
Vineyard Haven, MA 02568
Telephone: (508) 693-5186

DATED:    JULY 20, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ROBIN L. TUCK, individually and on behalf of her minor child, ELKE KLEIN

**DEFENDANTS** KRINER CASH, DANIEL SEKLECKI, BARBARA LINDLEY, TARA STRAFACI, JAN LAGUARDIA and MARTHA'S VINEYARD ALL-ISLAND SCHOOL COMMITTEE

(b) County of Residence of First Listed Plaintiff: **DUKES**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

04 11612 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury — | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 865 RSI (405(g)) | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 740 Railway Labor Act | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | or Defendant) | State Statutes |
| | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 7/19/04
SIGNATURE OF ATTORNEY OF RECORD: Robin L. Tuck  Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __ROBIN L. TUCK et al. v. KRINER CASH et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robin L. Tuck (pro se)__
ADDRESS __RR 2, Box 3, Vineyard Haven, MA 02568__
TELEPHONE NO. __(508) 693-5186__

(Coversheetlocal.wpd - 10/17/02)